**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHAEL D. BASSETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-CV-0066-CVE-FHM |
| ) | |
| **ALLIANCE ONE, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Before the Court are plaintiff's motion to remand (Dkt. # 46) and a motion for leave to supplement defendants' notice of removal (Dkt. # 58), filed by defendants Countrywide Home Loans, Inc., and Countrywide Financial Corporation (together "Countrywide"). Plaintiff filed his initial petition in the District Court of Tulsa County, Oklahoma, on July 21, 2005 and his Amended Petition on January 18, 2006. Defendant Trans Union LLC filed a notice of removal within thirty days of being served. Plaintiff now asks the Court to remand all or part of this case on the grounds that his claims are purely state-based, the Fair Credit Reporting Act ("FCRA") demands remand, or, in the alternative, that his state claims against Countrywide are separate from his FCRA claims against the remaining defendants.

Plaintiff alleges that defendants "have willfully and/or negligently violated the provisions of the [FCRA], 15 U.S.C. 1618 etc., by willfully and/or negligently failing to report with the FCRA." Dkt. # 2, at 2. He argues that defendants caused false information to appear on his credit report. As a result, he claims, he was unable to refinance his home mortgage at a lower interest rate in 2003. Plaintiff requests actual and punitive damages for defendants' alleged "violations of common law invasion of privacy, defamation, fraud, common law negligence, common law gross negligence, violation and damages under the FCRA and the Oklahoma Consumer Protection Act." Id. at 3.

Any civil action brought in state court may be removed to federal court if the federal court has original subject matter jurisdiction over the matter. 28 U.S.C. § 1441(a). This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986). "For a case to arise under federal law, the federal question must be apparent on the face of a well-pleaded complaint, and Plaintiff's cause of action must be created by federal law." Rice v. Office of Servicemembers' Group Life Ins., 260 F.3d 1240 (10th Cir. 2001).

Plaintiff specifically referenced the FCRA in his Complaint. Concurrent with any other court of competent jurisdiction, federal district courts have jurisdiction of any "action to enforce any liability created under [the FRCA]." 15 U.S.C. § 1681p. The FCRA "allows plaintiffs to initiate an action in state court but does not guarantee that they may keep it there." Lockard v. Equifax, Inc., 163 F.3d 1259, 1264 (11th Cir. 1998) (denying motion to remand FCRA case because the language of the FCRA providing for concurrent jurisdiction in state and federal court does not prohibit removal). Based upon plaintiff's allegations that defendants have violated federal law, this Court has federal question jurisdiction under section 1331.

Finally, plaintiff asks the Court to remand his state claims against Countrywide. However, plaintiff's allegations stem from a series of interwoven events regarding his credit report. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) (pendent claims deriving from a common nucleus of operative fact are not "separate and independent" under 28 U.S.C. § 1441(c)). Plaintiff's state claims are not "separate and independent" from his federal claim and are, thus, subject to the Court's pendent jurisdiction.

3

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand (Dkt. # 46) is **denied** and, therefore, the motion for leave to supplement defendants' notice of removal (Dkt. # 58) is **denied as moot**.

**DATED** this 15th day of March, 2006.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT