**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHAEL D. BASSETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 06-CV-0066-CVE-FHM |
| | ) |
| **ALLIANCE ONE, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

Now before the Court are plaintiff's Motion to Extend Discovery Period Until November 28, 2006 and Delay Individual Discovery Responses Pending Entry/Denial of a Protective/Confidentiality Order (Dkt. # 80) and Motion for Leave to Amend/Supplement Petition/Complaint (Dkt. # 82). Plaintiff seeks to add claims under Oklahoma's Deceptive Trade Practices Act, Okla. Stat. tit. 78, § 51 et seq., and under the Fair Debt Collection Practices Act.

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of the court and provides that "leave shall be freely given when justice so requires." See, e.g., Gillette v. Tansy, 17 F.3d 308, 312 (10th Cir. 1994). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Calderon v. Kansas Dept. of Social and Rehabilitation Servs., 181 F.3d 1180, 1186 (10th Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962); 6 Charles Alan Wright, et al., Federal Practice and Procedure §§ 1473, 1483 (2d ed.1990)). However, a judge may deny a motion to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Moore v. Reynolds, 153 F.3d 1086, 1116 (10th Cir. 1998)(citations omitted). Based on defendants' failure to respond to motion, the Court is unaware of any such impediment to the amendment. For good cause and being fully

advised in the premises, the Court finds that the motion for leave to amend (Dkt. # 82) should be and is hereby **granted**.

Plaintiff has also provided good cause for an extension of deadlines. The Court will enter an amended scheduling order.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Amend/Supplement Petition/Complaint (Dkt. # 82) is **granted**. Plaintiff is directed to file his Amended Complaint no later than **June 28, 2006.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Extend Discovery Period Until November 28, 2006 and Delay Individual Discovery Responses Pending Entry/Denial of a Protective/Confidentiality Order (Dkt. # 80) is **granted in part** as to entry of a new scheduling order and **denied in part** as to request for delays for individual discovery responses related to motions for protective orders not yet filed.

**DATED** this 21st day of June, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT