**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHAEL D. BASSETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 06-CV-0066-CVE-FHM |
| | ) |
| **ALLIANCE ONE, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

On December 19, 2006, defendant Equifax Information Services L.L.C. ("Equifax") moved for the admission and appearance of counsel Lewis P. Perling ("Perling") pro hac vice. Dkt. # 137. The Court granted that motion on December 21, 2006. Dkt. # 138. However, plaintiff Michael D. Bassett thereafter responded to defendant's motion, citing that he had "an ethical obligation" to bring certain issues regarding Perling's admission to the attention of the Court. Dkt. # 139, at 1. Since plaintiff's response to defendant's motion for the admission was filed after the Court's minute order granting Perling's admission pro hac vice to this Court, the Court will treat plaintiff's response as a motion to reconsider.

Plaintiff notifies the Court that Perling questioned a witness in this case at a deposition on December 14, 2006 and attended a deposition on December 15, 2006 prior to his application for admission pro hac vice. The Court notes that a lawyer admitted in another jurisdiction can engage in conduct temporarily in this jurisdiction if the attorney reasonably expects to be authorized to appear in that jurisdiction. Here, Perling filed his motion to be admitted pro hac vice on December 19, 2006. There is no indication that Perling anticipated that he would not be admitted pro hac vice

to this jurisdiction. Therefore, this additional fact does not give the Court reason to revoke Perling's admission pro hac vice to this jurisdiction.

Plaintiff further provides the Court with a report and recommendation by United States Magistrate Judge David L. Martin of the United States District Court for the District of Rhode Island. Dkt. # 139, Ex. 2. While Judge Martin ultimately recommended that Perling be admitted pro hac vice to the district of Rhode Island, he described Perling's "sanctions" imposed by Judge Ward of the United States District Court for the Eastern District of Texas in the case Moore v. CSC Credit Services, Inc., et al., Case No. 02-CV-303-TJW. In his application for admission pro hac vice to this jurisdiction, Perling disclosed to the Court the sanctions involved in the Moore case. Given this disclosure and the Court's previous review of the sanctions imposed in the Moore case, the Court sees no reason to revoke Perling's admission pro hac vice to this jurisdiction.

Therefore, the Court finds that its previous decision to admit Perling pro hac vice to this jurisdiction should stand.

**IT IS THEREFORE ORDERED** that the Response to Motion for Attorney Lewis P. Perling to be Admitted pro hac vice (Dkt. # 139), which the Court treats as a motion to reconsider, is **denied**. As the Court ordered on December 21, 2006, Lewis P. Perling is admitted pro hac vice to this jurisdiction.

**DATED** this 8th day of January, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT